[No. 2484.   March 14, 1922.]

In re CARDONER'S ESTATE

BRICE v. WILSON

SYLLABUS BY THE COURT

(1)   One member of a firm of attorneys, who have an agreement between themselves that claims for moneys laid out for expenses in and about the business of firm clients shall not be a partnership asset, but shall remain the individual property of the partner making the expenditure, may maintain an action in his own name for such expenditures in the absence of a showing by the client of some injury which would thereby result to him.                    P. 116

(2)   Section 2175, Code 1915, requiring corroboration to support a claim against an estate of a deceased person, applies only to matters which occur prior to the death of the deceased.                    P. 117

Appeal from District Court, Bernalillo County; Hickey, Judge.

In the matter of the estate of Aline Mathilde Julia Bouvard Cardoner, disceased. Proceedings for allowance of claim of Charles R. Brice. Judgment for claimant, and Joseph R. Wilson, as executor, appeals. Affirmed and remanded, with directions.

A. B. McMillen, of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, and E. P. de Bujac, of Carlsbad, for appellee.

### OPINION OF THE COURT

PARKER, J.   On June 20, 1918, one Mathilde Cardoner entered into a contract in writing for the employment of the firm of Bujac & Brice, a firm of attorneys composed of Etienne de P. Bujac and Charles R. Brice, to prosecute an appeal from a judgment rendered in a cause then pending in the United States District Court for the District of Idaho.   In and by said contract she promised to pay $1,000 in cash and 10 per cent of all recoveries, ''plus their actual expenses in going to Idaho and California in preparing and presenting said appeal, and to Washington, D. C., if said suit is taken to the Supreme Court of the United States, and plus all costs and printing and stenographic charges connected with said appeal.''   On October 1, 1918, Madame Cardoner died, and subsequently, with his consent, the defendant Joseph R. Wilson, executor of the estate of Madame Cardoner, deceased, was substituted as a party appellant in said cause.   In pursuance of the terms of said written contract, the appellee, Charles R. Brice, prior to the death of Madame Cardoner, expended $188.93 in and about the business covered by the said contract.   After the death of Madame Cardoner, he expended divers sums of money in and about the business covered by said contract, amounting in all to the sum of $960.81, for which he filed a claim against the said executor of said estate,

and was awarded judgment for $860.81 by the district court of Bernalillo county, from which judgment this appeal is prosecuted.

The expenditure made prior to the death of Madame Cardoner is not contested by the executor on the ground that the testimony of the appellee was not corroborated, but the whole claim, except that item, is contested upon two grounds: First, that the claim is not an individual claim, but a copartnership claim; and, second, that with the exception of the one item above referred to, the evidence of the claim is not corroborated.

[1] The first objection to the judgment is to the effect that one member of a firm of attorneys cannot maintain an individual action upon a firm cause of action. This proposition is sound, and, subject to few exceptions, is universally recognized. But the proposition is inapplicable to the facts in this case. It appears from the proofs offered that these two lawyers had an arrangement between themselves that claims for money laid out for expenses in and about the business of their clients by either of them did not become partnership assets, but remained the individual property of the partner making the expenditure. Each kept his own accounts of such expenditures and collected for the same. While it was undoubtedly true that a client who should pay such an account for such expenditures to either of the partners without knowledge of such arrangement between the partners would be protected against further claim by either, it is likewise true that the cause of action under such an arrangement resided in the party who made the expenditure. There is no showing in this record that moneys had been paid to the other partner, Bujac, to cover these expenditures. There does appear in the case of E. P. Bujac v. Joseph R. Wilson, Exr., 27 N. M. 105, 196 Pac, 327, some evidence to that effect; but we find no stipulation or order of the court authorizing the consideration in this case of the evidence in that case, and we cannot consider the same for that reason. The omission from

the record in this case of the evidence upon that subject no doubt arises by reason of oversight, owing to the fact that the two cases were tried together; but this case must be decided upon its own record.

It seems clear, therefore, that the claimant has shown a cause of action in himself for the expenditures made by him in this matter and the executor has shown no defense to the same.

[2] The executor urges that the claimant cannot recover by reason of the absence of corroboration as required by section 2175, Code 1915. It is to be observed, however, that the expenditures for which claim is made were all made subsequent to the death of Madame Cardoner, save one item¯ which was corroborated, and the statute, therefore, has no application. The statute in terms applies only to "any matter occurring before the death of a deceased person." Claimant, therefore, required no corroboration in order to sustain his claim.

It follows from all of the foregoing that the judgment of the district court was correct and should be affirmed, and the cause be remanded with directions to enforce the judgment, and it is so ordered.

RAYNOLDS, C. J., and DAVIS, J. concur.